UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 18-4-DLB

JULIAN JEROME COLLINS                                                          PETITIONER

VS.                    **MEMORANDUM OPINION AND ORDER**

J. RAY ORMOND, Warden                                                          RESPONDENT

\* \* \* \* \* \* \* \* \* \* \*

Petitioner Julian Jerome Collins is an inmate at the United States Penitentiary ("USP")-McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Collins filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. This matter is before the Court to conduct an initial screening of Collins's petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court must deny relief.

**I.**

In 2014, pursuant to a plea agreement with the United States, Collins pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).[1] In calculating Collins's advisory Sentencing Guidelines range, the Pre-Sentence Investigation Report ("PSR") prepared by a probation officer applied U.S.S.G.

---

[1] The procedural history comes from Collins's petition, as well as *United States v. Collins*, 3:13-cr-38-JEG-TJS-1 (S.D. Iowa 2013), and the opinion issued by the United States Court of Appeals for the Eighth Circuit affirming Collins's sentence in *United States v. Collins*, No. 14-1515 (8th Cir., Sept. 24, 2014).

1

§ 2K2.1(a)(2), which provides for a base offense level of 24 for possession of a firearm by a felon if the defendant was previously convicted of two felony crimes of violence. The application of § 2K2.1(a)(2) was based on Collins's previous Iowa state convictions for first degree theft and aggravated assault, both of which the PSR classified as "crimes of violence." Although Collins objected to the classification of his prior conviction for aggravated assault in violation of Iowa Code §§ 708.1 and 708.2(3) as a "crime of violence," the district court reviewed the relevant portions of the Iowa Code defining aggravated assault and a "dangerous weapon," as well as the underlying trial court records regarding Collins's aggravated assault conviction, and concluded that Collins's aggravated assault conviction constituted a "crime of violence" for purposes of § 2K2.1(a)(2).

The district court then calculated a total offense level of 29 and a criminal history category of IV, which provided an advisory Guidelines sentencing range of 121 to 151 months, although the applicable statutory maximum under 18 U.S.C. § 924(a)(2) was 120 months. On February 19, 2014, the district court sentenced Collins to a term of imprisonment of 90 months, to be followed by a two-year term of supervised release.

Collins appealed his sentence to the United States Court of Appeals for the Eighth Circuit, arguing that his prior Iowa aggravated assault conviction was improperly classified as a "crime of violence" for purposes of his advisory guidelines calculation. The appellate court applied the "modified categorical approach" and analyzed the relevant documents from Collins's aggravated assault conviction—including the trial information, the judgment, and minutes of testimony—and determined that Collins's prior Iowa conviction for aggravated assault constitutes a "crime of violence" under § 2K2.1(a)(2).

Although Collins filed a subsequent motion seeking relief under 28 U.S.C. § 2255 based on *United States v. Johnson*, 135 S.Ct. 2551 (2015), this motion was denied based on the district court's conclusion that, because Collins was sentenced under the advisory Guidelines and not the Armed Career Criminal Act ("ACCA"), Collins's request for relief was precluded by *Beckles v. United States*, 137 S.Ct. 886 (2017). *Collins v. United States*, No. 4:16-cv-397-JEG (S.D. Iowa 2016).

Collins has now filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court, arguing that, in light of *Descamps v. United States*, 133 S.Ct. 2276 (2013) and *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016), the trial and appellate courts erred in applying the "modified categorical approach" in determining whether his prior Iowa aggravated assault conviction is properly classified as a "crime of violence" for purposes of his advisory Guideline calculation. Collins invokes the "savings clause" provision of 28 U.S.C. § 2255(e) to contend that he may assert this claim in a § 2241 petition. However, because Collins may not pursue his claims in this proceeding, Collins's petition will be denied.

II.

A federal prisoner generally may not use a § 2241 petition to challenge the enhancement of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A § 2241 petition may typically only be used as a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). A federal prisoner who instead wishes to challenge the legality of his conviction or sentence must file a motion under

§ 2255. *Peterman*, 249 F.3d at 461 (explaining the distinction between a § 2255 motion and a § 2241 petition). A habeas corpus petition pursuant to 28 U.S.C. § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ..."). In other words, prisoners cannot use a habeas petition under § 2241 as yet another "bite at the apple." *Hernandez*, 16 F. App'x at 360.

The decidedly narrow scope of relief under § 2241 applies with particular force to challenges not to convictions, but to the sentence imposed. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2)

the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that—as a matter of statutory interpretation—a prior conviction used to enhance his or her federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F. 3d at 599-600.

Collins does not satisfy the first criteria in *Hill* because he was sentenced under an advisory Guideline regime in 2014, long after *Booker* was decided. Indeed, due the applicable statutory maximum, the sentence imposed by the district court was actually below the Sentencing Guideline range calculated in Collins's PSR.

In addition, to the extent that Collins relies on *Mathis* as the basis for his claim, for a claim based upon a recently-issued Supreme Court decision interpreting a statute to be cognizable in a § 2241 petition, the new interpretation announced in the decision must be retroactively applicable to cases on collateral review. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). For retroactivity purposes, "a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989)(citations omitted)(emphasis in original). Adherence to this rule is particularly important in habeas cases as "[h]abeas corpus always has been a *collateral* remedy, providing an avenue for upsetting judgments that have become otherwise final. It is not designed as a substitute for direct review." *Id*. at 306 (quoting *Mackey v. United States*, 401 U.S. 667, 682 (1971) (Harlan, J., opinion concurring in judgments in part and dissenting in part) (emphasis in original). As recognized by the United States Court of Appeals for the Sixth Circuit, the Supreme Court's holding in *Mathis* was not new, as it "was dictated by prior precedent (indeed two

5

decades worth)," nor has *Mathis* been declared retroactive by the Supreme Court. *In re: Conzelmann*, 872 F.3d 375, 376-77 (6th Cir. 2017). Thus, *Mathis* does not apply retroactively to Harrison's claims in his § 2241 habeas petition.

Because Collins fails to meet the requirements of *Hill*, he does not fall within the limited exception permitting the use a § 2241 petition to challenge the enhancement of his sentence. Accordingly, **IT IS ORDERED** that:

1. Collins's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**;

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

3. A Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 21st day of May, 2018.

Signed By:
*David L. Bunning* DB
United States District Judge

K:\DATA\ORDERS\ProSe\Collins 18-4-DLB Memorandum WHM.docx